Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 7351 | **DATE** | 3/30/2000 |
| **CASE TITLE** | Geraldine L. Rendler vs. Corus Bank, N.A. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiff Rendler's Second Amended Motion for Class Certification [84-1] is granted. Parties shall appear for status hearing on April 18, 2000 at 10:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 03 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| | courtroom deputy's initials KM | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

GERALDINE L. RENDLER, )
on behalf of herself and all )
others similarly situated )
)
Plaintiff, )
)
v. ) Case No. 96 C 7351
)
CORUS BANK, N.A., formerly ) Magistrate Judge Nan R. Nolan
known as AETNA BANK, N.A., )
formerly known as BELMONT )
NATIONAL BANK OF CHICAGO )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Geraldine L. Rendler ("Rendler") alleges that Defendant Corus Bank, N.A. ("Corus") violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 ("Regulation Z") by issuing two loans, one for a home equity line of credit and one for a traditional note, in connection with the financing or refinancing of a single purchase of residential real estate. Rendler now moves to certify a class of all natural persons who obtained a loan from Corus on or after November 8, 1995 (one year prior to the filing of this action) where (1) Corus' files show that the credit was applied for the purchase or refinancing of residential real property and (2) Corus issued two loans and two TILA disclosure statements in connection with the financing of a single purchase or refinancing of residential real estate. Corus maintains that Rendler has failed to carry her burden of showing that her individual claim is typical of the class claims, as required by Fed. R. Civ. P. 23(a)(3), or that common issues of law and fact predominate over individual ones, as required by Fed. R. Civ. P. 23(b)(3). For the

following reasons, Rendler's Second Amended Motion for Class Certification is GRANTED.

## I. **DISCUSSION**

To maintain a class action, Rendler must satisfy the prerequisites set forth in Federal Rule of Civil Procedure 23(a). Rule 23(a) provides that a member of a class may sue as a representative party on behalf of the class when: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Rendler must also satisfy one of the requirements of Rule 23(b). Here, Rendler seeks class certification under Rule 23(b)(3). Rule 23(b)(3) provides that an action may be maintained as a class action if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

The burden is on Rendler to show that the proposed class is appropriate for certification. Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 596 (7th Cir.1993). In evaluating a motion for class certification, the Court generally does not examine the merits of the case. Id. at 598. However, because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action[,] ... it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." Id. at 589-590 (internal quotations and citations omitted). Even if the prerequisites of Rule 23 are satisfied, until there is a decision on the merits, the Court remains free to reevaluate and modify its certification order in light of subsequent developments in the litigation. Fed. R. Civ. P. 23(c)(1).

Rendler meets the required elements of Rule 23(a) and (b)(3).[1] The Court will address each element in turn.

**A.    Numerosity**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." "[P]laintiffs are not required to specify the exact number of persons in the class, but cannot rely on conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity." Marcial v. Coronet Ins. Co., 880 F.2d 954, 957 (7th Cir. 1989).

Corus has produced approximately 240 loan files of individuals who meet Rendler's class definition. Rendler's Supp. Memo., Exh. A. Rendler's counsel reviewed these 240 files and determined that in 122 customer transactions Corus issued two loans, a conventional mortgage and a home equity line, and two disclosure statements in connection with the funding of a single residential real estate purchase. Id., Exh. B. In light of the foregoing numbers, the Court concludes that the numerosity requirement is satisfied. See, e.g., Swanson v. American Consumer Indus., 415 F.2d 1332, 1333 n. 9 (7th Cir. 1969) (40 class members sufficient); Rossetto v. Pabst Brewing Co., Inc., 71 F. Supp.2d 913 (E.D. Wis. 1999) (45 retirees satisfied numerosity requirement).

**B.    Common Questions of Law and Fact**

Rule 23(a)(2) requires a showing that the class has common questions of law or fact. "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." Rosario v. Livaditis 963 F.2d 1013, 1018 (7th Cir. 1992), cert. denied, 506 U.S. 1051

---

[1] Corus does not dispute that Rendler satisfies the requirements of Fed. R. Civ. P. 23(a)(1), (2), or (4).

(1993). A common nucleus of operative fact is typically found were "defendants have engaged in standardized conduct towards members of the proposed class . . . ." Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998). Some variation among the claims of the individual class members does not defeat commonality. Rosario, 963 F.2d at 1017. "There need only be a single issue [of law or fact] common to all members of the class." Gomez v. Illinois State Bd. of Educ., 117 F.R.D. 394, 399 (N.D. Ill. 1987) (quoting Edmondson v. Simon, 86 F.R.D. 375, 380 (N.D. Ill. 1980)).

Common factual and legal questions in the present case include (1) whether each member of the potential class received a conventional note and mortgage for an amount equaling 80% of the value of the property and a home equity line of credit to cover the remaining amount needed to acquire or refinance the property and (2) whether Corus improperly issued multiple TILA disclosures in connection with the financing or refinancing of a single purchase of real estate. The commonality requirement has been met here because the claims of Rendler and the proposed class members arise from the same practice of Corus, namely its alleged failure to comply with TILA and Regulation Z in connection with its 80/20 program.

**C.     Typicality**

Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class. The question of typicality is "closely related" to the question of commonality. Rosario, 963 F.2d at 1018. "A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (quoting H. Newberg, Class Actions § 1115(b) at 185 (1977)). Typicality may be found even where "there are factual distinctions between the claims of the named

plaintiffs and those of other class members." Id. "Instead, we look to the defendant's conduct and the plaintiff's legal theory to satisfy Rule 23(a)(3)." Rosario, 963 F.2d at 1018; Wagner v. Nutrasweet Co., 95 F.3d 527, 534 (7th Cir. 1996) (indicating typicality "should be determined with reference to the [defendants'] actions, not with respect to particularized defenses it might have against certain class members.").

Corus argues that Rendler is not a typical class member because Rendler made a single application for credit whereas other members of the class completed two. Such a distinction does not defeat class certification. Instead, the Court focuses on Corus' conduct and Rendler's legal theory. Rendler's claim is the same as the claim of the proposed class. Rendler's claim arises from the same course of conduct by Corus that gives rise to the claims of the class members, i.e. Corus' issuance of two loans and two TILA disclosures in connection with the financing or refinancing of a single purchase of real estate. Rendler has satisfied the typicality requirement.

**D.     Adequacy of Representation**

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." "A class is not fairly and adequately represented if class members have antagonistic or conflicting claims." Rosario, 963 F.2d at 1018. The adequacy of representation determination consists of two parts: (1) "the adequacy of the named plaintiffs' counsel" and (2) "the adequacy of representation provided in protecting the different, separate, and distinct interest" of the class members. Retired Chicago Police Ass'n, 7 F.3d at 598.

Rendler's counsel have provided an extensive list of qualifications that are not challenged by Corus. Rendler's Second Am. Motion for Class Cert., Exh. F. Class counsel has extensive experience in consumer class action litigation. Furthermore, Rendler does not appear to have

interests antagonistic to the class. She and the class members seek compensatory and statutory damages as a result of Corus' alleged unlawful conduct and thus, she appears to have a sufficient interest in the outcome to litigate the case vigorously.

### E. Predominance of Common Questions and Superiority

To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites. Common questions must "predominate over any questions affecting only individual members" and class resolution must be "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

#### 1. Predominance

Corus argues that class certification is inappropriate because individual factual questions as to each proposed class member predominate over common factual questions. Corus contends that the key question at issue is how many loans – one or two – did each individual borrower expect to receive. Corus argues that because the Court will have to conduct an inquiry as to each class member's expectation, individual issues predominate. The Court disagrees.

The purpose of TILA and its implementing regulation is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). Regulation Z requires that the lender make the required disclosures "clearly and conspicuously" and "grouped together." 12 C.F.R. § 226.17(a)(1). In a case involving § 226.17(a)(2), the Seventh Circuit held that an objective standard controls under TILA:

> [T]he legal standard under the Truth in Lending Act is the objective "reasonable person" approach. More to the point, § 226.17(a)(2) has nothing to do with borrowers' comprehension. What is "more conspicuous than any other disclosure" depends on the contents of the form, not on how it affects any particular reader.
>
> * * *
>
> Yet the premise of the statute and regulations is that one size fits all; a form complies or it doesn't, and the fact that some or even many of the recipients are abnormal in their perception of "conspicuousness" does not affect the form's validity.

Smith v. Check-N-Go of Illinois, Inc., 200 F.3d 511, 514-515 (1999); see also Smith v. The Cash Store Management, Inc., 195 F.3d 325, 327-328 (7th Cir. 1999) (stating "[t]he 'sufficiency of TILA-mandated disclosures is to be viewed from the standpoint of an ordinary consumer, not the perspective of a Federal Reserve Board member, federal judge, or English professor.'").

Similarly, whether Rendler and the proposed class members expected to receive one or two loans does not affect the validity of Corus' 80/20 program. Whether Corus made the required disclosures "clearly and conspicuously" and "grouped together" does not depend on whether the borrowers expected to receive one or two loans. Rather, the common predominate question here is whether a lender who provides two simultaneous loans and two sets of TILA disclosures to fund a single real estate purchase or refinance violates TILA. Individual differences concerning borrowers' expectations does not defeat the predominance of this common issue.

### 2. Superiority

Rule 23(b)(3) also requires that a class action is superior to other methods of adjudicating the controversy. A court should consider four factors when making this determination: (1) the interest of each class member in litigating their claims individually; (2) whether other actions arising from the same controversy have been filed; (3) the desirability of concentrating the litigation in the

particular forum; and (4) the manageability of the class action. Fed. R. Civ. P. 23(b)(3).

A class action is the superior means of resolving this controversy because the number of potential class members is not unmanageable and it is likely that most members of the class are unaware of their rights under TILA and are unlikely to file individual suits. Damages in any individual suits are likely to be small thus making it cost prohibitive for individuals to initiate individual suits to protect their rights. TILA expressly contemplates class actions. 15 U.S.C. § 1640. Finally, judicial economy is advanced by proceeding with one action rather than individual actions complaining of the same practice.

## II. CONCLUSION

For the reasons discussed above, Rendler's Second Amended Motion for Class Certification is GRANTED. The parties shall appear for a status hearing on April 18, 2000 at 10:00 a.m.

E N T E R:

*Nan R. Nolan*

**Nan R. Nolan**
**United States Magistrate Judge**

Dated: *March 30, 2000*